UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

**JOSE RAMON CARVAJAL**,  Case No.: 16-12443-LMI
                         Chapter 13
        Debtor.
_____/

## AMENDED EMERGENCY MOTION TO RECONSIDER ORDER GRANTING EMERGENCY MOTION FOR SANCTIONS RELATING TO A VIOLATION OF AUTOMATIC STAY AND FOR IMPOSING SANCTIONS PURSUANT TO 11 U.S.C. § 105(A) AND FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692D AND 15 U.S.C. § 1692E

**COMES NOW,** SPYROS ALEXANDER KARAVIAS ("Karavias") a/k/a ALEXANDER KARAVIAS and BLACK011 FLORIDA, LLC ("Black011"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 60 and Fed. R. Bank. P. files this motion seeking reconsideration of the Order Granting Emergency Motion For Sanctions Relating To A Violation Of Automatic Stay And For Imposing Sanctions Pursuant To 11 U.S.C. § 105(A) And Fair Debt Collection Practices Act 15 U.S.C. § 1692d And 15 U.S.C. § 1692e (ECF #51) (the "Order of Sanctions"), entered in the Chapter 13 bankruptcy case of JOSE RAMON CARVAJAL, Case No. 16-12443-LMI. In support of this Motion, Karavias and Black011 state:

**FACTS**

1.  On February 23, 2016, JOSE RAMON CARVAJAL ("Debtor") individually filed the Chapter 13 Voluntary Petition (ECF #1).

2.  On June 16, 2016, the Debtor filed the Emergency Motion For Sanctions Relating To A Violation Of Automatic Stay And For Imposing Sanctions Pursuant To 11 U.S.C. § 105(A) And Fair Debt Collection Practices Act 15 U.S.C. § 1692d And 15 U.S.C. § 1692e ("Motion for

_____
**REPPASLAW** ● 100 S. PINE ISLAND ROAD, SUITE 202 ● PLANTATION, FL 33324 ● TEL 305.822.8422 ● REPPASLAW.COM

Sanctions"), and the motion was set down for a hearing only four (4) days later, on June 20, 2016. (ECF #45, 46).

3.  The Motion for Sanctions and Notice of Hearing were served on a receptionist at 2525 Ponce De Leon Blvd., Ste 300, Miami, Florida 33134, where Black011 merely maintains a virtual office. (ECF #50).

4.  That receptionist is not a registered agent for Black011, and the receptionist is not authorized to accept any legal documents on behalf of Black011. A true and correct copy of the Declaration of Alexander Karavias is attached hereto and marked as **Exhibit A**.

5.  The registered agent for Black011 is Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301, and pursuant to Florida law is authorized to accept service of process and other legal documents. *See*, **Exhibit A**.

6.  The Motion for Sanctions sought damages solely against Black011 and SOHEL DISTRIBUTORS NY, LLC ("Sohel"), claiming both are creditors of the Debtor. (ECF #45).

7.  Karavias is named only once in the Motion for Sanctions, and identified wrongly as principal and agent for Black011. (ECF #45).

8.  Karavias, however, was not personally served, and was only made aware of the hearing and Motion for Sanctions on the date of the hearing. *See*, **Exhibit A**.

9.  On June 28, 2016, the Court entered the Order of Sanctions jointly and severally against Karavias and Black011, pursuant to 11 U.S.C. § 362, totaling $27,100.00. (ECF #51).

10.  Karavias and Black011 first became aware of the Order of Sanctions on June 30, 2016, and immediately sought counsel. *See*, **Exhibit A**.

11.  The Order of Sanctions stated that the amount must be timely paid by July 12, 2016, or an additional sanctions amount of $25,000.00 shall be assessed. (ECF #51).

12. Neither Black011 nor Sohel are creditors of the Debtor, as claimed by the Debtor in his Schedule E/F. (ECF #8); s*ee also*, **Exhibit A**.

13. Instead, Black011 had business transactions with Gables Cellular Phones, Inc., a Florida corporation, from 2015 to the present. *See*, **Exhibit A**.

14. The debt that is listed by the Debtor in Schedule E/F wrongly reflects that "Debtor 1 only" incurred that debt. (ECF #8).

15. The debt to Black011 reflected by the Debtor in Schedule E/F was in fact incurred by Gables Cellular Phones, Inc., and was not guaranteed or incurred by the individual Debtor. *See*, **Exhibit A**.

16. Gables Cellular Phones, Inc., is not a part of these Chapter 13 bankruptcy proceedings and there is no co-debtor in the proceeding.

17. Immediately upon receiving notice of the Order of Sanctions, Karavias and Black011 retained the undersigned to proceed with this Motion for Reconsideration. *See*, **Exhibit A**.

18. Karavias, Black011, and Sohel did not receive notice of the Motion for Sanctions or the Notice of Hearing prior to the date of the scheduled hearing. *See*, **Exhibit A**.

19. Neither Karavias, nor agents of Black011, have gone to the home of the Debtor. *See*, **Exhibit A**.

20. Any appearances at the place of business would be related to the debts of Gables Cellular Phones, Inc., when the Debtor contacted Karavias to pick up a check from Gables Cellular Phones, Inc., towards the corporation's debt with Black011, and to discuss new products for Gables Cellular Phones, Inc. *See*, **Exhibit A**.

21. Any allegations by the Debtor as to continuing attempts to collect a debt are solely related to the debt that is owed by Gables Cellular Phones, Inc., and not for any debt owed by the Debtor individually. *See*, **Exhibit A**.

22. The images of text conversations provided by the Debtor fail to provide the Court the full context as the text communications were in response to a phone conversation with Karavias wherein the Debtor used profanity towards Karavias and threatened him, his family, his wife, and his place of work. *See*, **Exhibit A**.

23. Any communications to the Debtor were not related towards the collection of any debt owed by the Debtor. *See*, **Exhibit A**.

## ARGUMENT

Karavias and Black011 move for reconsideration as there has been excusable neglect, misrepresentation, and newly discovered evidence related to the Court's Order Granting Emergency Motion For Sanctions Relating To A Violation Of Automatic Stay And For Imposing Sanctions Pursuant To 11 U.S.C. § 105(A) And Fair Debt Collection Practices Act 15 U.S.C. § 1692d And 15 U.S.C. § 1692e. Both Karavias and Black011 would be deprived their Due Process rights under the Fifth Amendment of the Constitution as neither were properly served process of the Motion for Sanctions and the Notice of Hearing set four days after the filing of the Motion. Further, the debt to Black011 is owed by Gables Cellular Phones, Inc., and not by the Debtor individually. Accordingly, Karavias and Black011 respectfully request the Court to reconsider its Order of Sanctions, to set aside same and set the matter for an evidentiary hearing on the Motion for Sanctions.

**REPPASLAW ●** 100 S. PINE ISLAND ROAD, SUITE 202  ●  PLANTATION, FL 33324 ● TEL 305.822.8422 ● REPPASLAW.COM

**EXCUSABLE NEGLECT**

Neither Karavias nor Black011 were properly served with notice of the hearing or the Motion for Sanctions by the Debtor. Proper service of process for Black011 would have been with the registered agent, in this case Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301. As section 48.062(1), Florida Statutes, states, service of process must first be attempted on the registered agent for a limited liability. *See also, Pierre v. Little New Orleans 1 Kitchen & Oyster Bar, L.L.C.*, 2016 U.S. Dist. LEXIS 22452 (M.D. Fla. Feb. 24, 2016). Section 48.062(2), Florida Statutes, goes on to provide that if there is no registered agent, service may be made upon any members or managers. Further, "Florida law is clear that strict compliance with these service rules is required." *Pierre*, 2016 U.S. Dist. LEXIS 22452. That is not the situation in this case. While counsel for the Debtor knew that Black011 had designated a registered agent pursuant to Florida law, he willfully disregarded compliance with section 48.062, Florida Statutes, by failing to properly perfect service and in proceeding with his Motion for Sanctions against Black011. As a result, Black011 was not aware of the Motion for Sanctions or the hearing on the motion until the day of the hearing. Further, service was never attempted in any way on Karavias personally, and nor did the Motion for Sanctions seek damages against him. Karavias, therefore, was also not aware of the Motion for Sanctions or the hearing on the motion until the date of the hearing when Black011 advised him of same. Immediately upon learning of the Motion for Sanctions and Order of Sanctions, Karavias and Black011 sought out counsel to defend against the baseless accusations alleged by the Debtor. The Debtor's failure to perfect service of process against Black011 and Karavias rises to excusable neglect as to their failure to appear and defend themselves against the baseless accusations made by the Debtor.

**MISREPRESENTATION**

The Debtor has misrepresented to the Court in this Chapter 13 bankruptcy proceeding that he has personally incurred debt to Black011 in the amount of $7,301.95. In fact, it is Gables Cellular Phones, Inc., that has incurred this debt to Black011, and not the Debtor. Any attempts at collection as to the debt owed by Gables Cellular Phones, Inc., are not relevant to these Chapter 13 bankruptcy proceedings initiated by the individual Debtor. Further, the Debtor would lack standing to raise any allegations as to violations of the Fair Debt Collection Practices Act for collections efforts made on behalf of Black011 for the debt incurred by Gables Cellular Phones, Inc.

The Debtor has further misrepresented to the Court of the alleged actions taken by Black011, its agents, and Karavias. Again, there could be no collection efforts directed towards the Debtor personally as he has no personal debt with Black011. Further, at no time did Karavias or any agents of Black011 go to the Debtor's home. In point, Karavias has no knowledge of where the Debtor even lives. Moreover, the out-of-context text images provided by the Debtor to the Court fail to address the telephone conversation he had with Karavias prior, wherein the Debtor used profanity towards Karavias, his family, his wife, and his place of business.

**NEWLY DISCOVERED EVIDENCE**

As previously stated, the debt owed to Black011 has not been incurred by the Debtor (as he has misrepresented to the Court) but in fact by Gables Cellular Phones, Inc. The Court was not aware of this evidence at the time it entered the Order of Sanctions. Further, the Court was not provided the evidence that neither Karavias nor Black011 (and its agents) went to the home of the Debtor to attempt to collect on any debt. The Court specifically did not have the evidence that Karavias has no knowledge of the location of the Debtor's home. Further, the Court did not

have the evidence that the Debtor had verbally threatened Karavias, his family, his wife, and his place of business before the text communication that submitted by the Debtor.

The Court was therefore without this critical evidence prior to entering its Order of Sanctions, and the lack of evidence is attributable to Karavias and Black011 not being aware of the hearing on the Motion for Sanctions due to the Debtor's failure to perfect service of process. As such, Karavias and Black011 respectfully request that the Court set the matter for an evidentiary hearing on the Motion for Sanctions in order to be fully afforded all of the evidence prior to entering a ruling.

**BASIS FOR EMERGENCY**

The Order of Sanctions ordered Karavias and Black011, jointly and severally, to pay a total of $27,100.00 to the Debtor and his counsel by July 12, 2016. The Order further stated that the failure to make timely payment shall result in further sanctions of $25,000.00. (ECF 51). As such, Karavias and Black011 will suffer irreparable harm as a result of the Order of Sanctions.

## CONCLUSION

Karavias and Black011 were not provided due process, afforded under Article 5 of the U.S. Constitution, as a result of the Debtor's actions related to the hearing on the Motion for Sanctions and as such have been severely prejudiced by the entry of the Order of Sanctions. As has been provided, there has been excusable neglect, misrepresentation, and newly discovered evidence related to the Court's Order of Sanctions warranting reconsideration.

**WHEREFORE,** SPYROS ALEXANDER KARAVIAS ("Karavias") a/k/a ALEXANDER KARAVIAS and BLACK011 FLORIDA, LLC, respectfully request that the Court grant this Motion for Reconsideration, vacate the prior Order of Sanctions and set the Debtor's Motion for Sanctions for an evidentiary hearing so that Karavias and Black011 can be afforded due process in presenting defenses to the Debtor's allegations, and for other relief this Court deems just and proper.

**DATED**: July 13, 2016.

      Respectfully submitted,

**REPPASLAW**
*Counsel for Karavias and Black011*
100 South Pine Island Road, Suite 202
Plantation, Florida  33324
Tel 305.822.8422
Eservice@ReppasLaw.com

By: __/s/  Michael J. Reppas, Esq.__
    **MICHAEL J. REPPAS, ESQ.**
    Florida Bar No. 124702

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to Nancy K. Neidich, Chapter 13 Trustee, and Diego Mendez, Esq., counsel for Debtor, by electronic notice on this 13th day of July, 2016.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090(1)(A).

By: __/s/  Michael J. Reppas, Esq.__
    **MICHAEL J. REPPAS, ESQ.**
    Florida Bar No. 124702

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

**JOSE RAMON CARVAJAL,**

        Debtor.
_____/

Case No.: 16-12443-LMI
Chapter 13

### DECLARATION OF SPYROS ALEXANDER KARAVIAS

1. My name is Spyros Alexander Karavias, a consultant and agent of Black011 Florida, LLC. This declaration is based on my personal knowledge of the facts and matters stated herein.

2. Black011 Florida, LLC, maintains a virtual office with a receptionist at 2525 Ponce De Leon Blvd., Suite 300, Miami, Florida 33134, but that receptionist is not authorized to accept any legal documents on behalf of the business, nor is she designated to do so.

3. Black011 Florida, LLC, has specifically designated a registered agent, pursuant to Florida law, for purposes of accepting service of legal documents, and that registered agent is Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

4. As an agent of Black011 Florida, LLC, the business became aware of the Motion for Sanctions and Notice of Hearing on June 20, 2016, the same day the hearing was set to be heard.

5. I did not personally receive notice of the Motion for Sanctions or the Notice of Hearing, but was informed of it by Black011 Florida, LLC on June 20, 2016.

6. I first discovered that there was an Order of Sanctions against me on June 30, 2016.

EXHIBIT

A

7.  I immediately contacted and advised Black011 Florida, LLC that same day and obtained counsel.

8.  I have reviewed the bankruptcy documents that identify the debt that the Debtor claims he owes Black011 Florida, LLC, and affirmatively state that this debt is not owed by the Debtor.

9.  Black011 Florida, LLC, has done business with Gables Cellular Phone, Inc., since 2013, and the business does have outstanding debt with Black011 Florida, LLC.

10. I understand that the Debtor, who identified himself to me as Jose Carballo, is president and director of Gables Cellular Phone, Inc., however he did not personally incur this debt that is reflected in his bankruptcy filings.

11. I have no knowledge of where the Debtor lives and likewise have never been to the Debtor's house.

12. I have never directed any agents of Black011 Florida, LLC, to go to the Debtor's house, nor am I aware that any agent has gone to the house.

13. Any attempts at collecting a debt were related to the collection of the debt owed by Gables Cellular Phone, Inc., to Black011 Florida, LLC.

14. Those attempts, made at the Debtor's place of business, were initiated by the Debtor he advised that Gables Cellular Phone, Inc., had money available to apply towards its debt to Black011 Florida, LLC.

15. Also, those attempts were not to harass but to follow-up on payments due from Gables Cellular Phone, Inc., and to discuss new products, as is standard procedure in the business.

16. Prior to the text message conversation between myself and the Debtor, we spoke on the phone where the Debtor then used profanity and threatened not only myself, but my family, my wife, and my place of work.

17. This conversation, however, was not related to any debt that the Debtor has with Black011 Florida, LLC, because he has none.

18. At present, Black011 Florida, LLC, still does business with Gables Cellular Phones, Inc.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 8 July, 2016.

Spyros Alexander Karavias